IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01222-ZLW

BURTON SANDLES,

Petitioner,

v.

THE STATE OF COLORADO, et al.,

Respondent.

ORDER DENYING MOTION TO RECONSIDER

Petitioner Burton Sandles has filed *pro se* on January 29, 2009, a "Motion to Re-Instate" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment entered in this action on September 25, 2008. Mr. Sandles filed another copy of the "Motion to Re-Instate" on January 30, 2009. The Court must construe the "Motion to Re-Instate" liberally because Mr. Sandles is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the "Motion to Re-Instate" will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Sandles' motion to reconsider, which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Sandles failed to file an amended pleading on the proper form as directed. In fact, Mr. Sandles failed to respond in any way to the order directing him to file an amended pleading on the proper form. As noted above, the Court's Order of Dismissal was entered in this action on September 25, 2008. On January 20, 2009, Mr. Sandles filed a "Petition for a Federal Writ of Habeas Corpus" in this action that still was not on the proper, court-approved form. On January 21, 2009, the Court entered a minute order stating that the petition filed on January 20 would not be considered because this action was dismissed on September 25, 2008. In the motion to reconsider filed on January 29, 2009, Mr. Sandles asserts that this action should be reopened because the merits of his claims warrant such action. Mr. Sandles does not address in the motion to reconsider the Court's reasoning for dismissing this action and he still has not filed an application for a writ of habeas corpus on the court-approved form.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Sandles fails to demonstrate the existence of any extraordinary circumstances

2

that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. However, Mr. Sandles is reminded that, because the Court dismissed the instant action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion to Re-Instate" filed on January 29, 2009, and again on January 30, 2009, is denied.

DATED at Denver, Colorado, this 18 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01222-BNB

Burton Sandles
1235 South Birch Street
Denver, CO 80246

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/18/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk